Filed 4/27/23  In re Sahibi CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In Re | F083352 |
| OUSSAMA SAHIBI, | (Kern Sup. Ct. No. DF011676A) |
| On Habeas Corpus. | **OPINION** |

ORIGINAL PROCEEDINGS; petition for writ of habeas corpus.

Sara E. Coppin, under appointment by the Court of Appeal, for Petitioner.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Michael A. Canzoneri, and Clifford E. Zall, Deputy Attorneys General, for Respondent.

-ooOoo-

## INTRODUCTION

Petitioner Oussama Sahibi was serving a life term when he pleaded no contest in 2015 to committing assaults while in custody and was sentenced to a consecutive determinate term of 35 years in prison.

In 2020, the superior court recalled petitioner's sentence because it was advised by the California Department of Corrections and Rehabilitation (CDCR) about a specific sentencing error. The superior court corrected that error and filed an amended abstract of judgment. Petitioner filed a petition for writ of habeas corpus in the superior court and requested a hearing to consider other sentencing issues, particularly the amendments enacted by Senate Bill No. 1393 (2017–2018 Reg. Sess.) (Senate Bill 1393); the petition was denied.

Petitioner then filed the instant petition for writ of habeas corpus with this court and argued that when the superior court recalled his sentence, it also had jurisdiction to consider whether to dismiss the five-year term imposed for the prior serious felony conviction enhancement (Pen. Code, § 667, subd. (a)),[1] pursuant to the statutory amendments enacted by Senate Bill 1393. This court issued an order to show cause (OSC), and the parties agree that remand is appropriate based on *People v. Padilla* (2022) 13 Cal.5th 152 (*Padilla*). We thus remand the matter for another resentencing hearing.

## PROCEDURAL BACKGROUND[2]

In 2002, petitioner was convicted in the Superior Court of Los Angeles County of second degree murder and attempted murder with firearm enhancements. He was sentenced to 65 years to life in state prison.

---

[1] All further statutory citations are to the Penal Code unless otherwise indicated.

[2] We take judicial notice of the petition and supporting exhibits filed in petitioner's prior filing with this court, *In re Sahibi* (July 15, 2021) F082375. (Evid. Code, § 459, subds. (a), (c); § 452, subd. (d)(1).)

**Case No. DF011676A**

On July 10, 2015, petitioner pleaded no contest in Superior Court of Kern County case No. DF011676A, to committing the following offenses in 2013 while serving his life term: count 1, assault with a deadly weapon or instrument, other than a firearm, or by any means likely to produce great bodily injury, upon a peace officer or firefighter (§ 245, subd. (c)), with a gang enhancement (§ 186.22, subd. (b)(1)(C)) and a great bodily injury enhancement (§ 12022.7, subd. (a)); and count 7, assault by any means of force likely to produce great bodily injury (§ 245, subd. (a)(4)) with a gang enhancement (§ 186.22, subd. (b)(1)(B)). Petitioner also admitted a prior serious felony conviction enhancement (§ 667, subd. (a)).

On the same day, petitioner was sentenced to a second strike determinate term of 35 years in prison as follows: as to count 1, the upper term of 10 years, with consecutive terms of 10 years for the attached gang enhancement and three years for the great bodily injury enhancement; and as to count 7, a consecutive term of two years (one-third the midterm), plus five years for the attached gang enhancement; and a consecutive term of five years for the prior serious felony conviction enhancement.

Petitioner did not file a direct appeal in case No. DF011676A, and the judgment became final in 2015.

**Notice to Recall Sentence in Case No. DF011676A**

On or about May 11, 2020, the CDCR notified the Superior Court of Kern County by letter that petitioner's sentence in case No. DF011676A had to be recalled because of an error.

CDCR's letter stated that as to count 7, the court correctly imposed a consecutive sentence for the substantive charge of two years, representing one-third the midterm. However, the court erroneously imposed a fully consecutive term of five years for the gang enhancement attached to that count.

3.

"Pursuant to [section] 1170.1(a), the subordinate term for each consecutive offense shall consist of one-third of the middle term of … imprisonment prescribed for each other felony conviction…, and shall include one-third of the term imposed for any specific enhancements applicable to those subordinate offenses.  Therefore, one-third of 5 years is 1 year eight months.

"Please review your file to determine if a correction is required.  When noticed by [CDCR] that an illegal sentence exists, *the trial court is entitled to reconsider all sentencing choices*, *People v. Hill* [(1986)] 185 Cal.App.3d 831…."[3]  (Italics added.)

**Recall and Resentencing**

On October 21, 2020, an amended abstract of judgment was filed in case No. DF011676A, that showed Judge Humphrey resentenced petitioner to an aggregate term of 31 years 8 months, consistent with CDCR's letter, as follows:  as to count 1, the upper term of 10 years, with consecutive terms of 10 years for the attached gang enhancement and three years for the great bodily injury enhancement; and as to count 7, a consecutive term of two years (one-third the midterm), plus one year eight months (one-third the midterm) for the attached gang enhancement (instead of the full term of five years); and a consecutive term of five years for the prior serious felony conviction enhancement (§ 667, subd. (a)).

The court corrected petitioner's sentence without convening a hearing.

**PETITIONER'S HABEAS PETITION FILED IN SUPERIOR COURT**

On January 5, 2021, petitioner filed a petition for writ of habeas corpus in the superior court, and argued he should be allowed to withdraw his plea in case No. DF011676A based on ineffective assistance because his plea was allegedly coerced

---

[3] At the time CDCR sent its recall letter to the trial court, the provisions for recall and resentencing were stated in former section 1170, subdivision (d)(1).  While petitioner's writ was pending, the Legislature amended these provisions and moved them to new section 1170.03, effective January 1, 2022.  (Stats. 2021, ch. 719, §§ 1–7.)  Effective June 30, 2022, the Legislature renumbered former section 1170.03 to section 1172.1.  (Stats. 2022, ch. 58, § 9.)

and he was factually innocent; he was illegally sentenced in all his cases; and the court should have reduced his sentence pursuant to Senate Bill 1393 (2017–2018 Reg. Sess.) when it recalled his sentence.

**The Superior Court's Denial of the Petition**

On March 4, 2021, Judge Zulfa filed an order that denied petitioner's writ petition because he failed to provide any specific information to support his ineffective assistance claim, "except his opinion that entering into the plea was a bad idea," and failed to establish good cause to withdraw his plea.

The court found petitioner's sentence in case No. DF011676A was corrected consistent with CDCR's letter. Finally, the court held petitioner's sentence in case No. DF011676A was final, and he was not entitled to the retroactive application of the sentencing amendments enacted by Senate Bill 1393 (2017–2018 Reg. Sess.).

## PETITIONER'S FIRST HABEAS PETITION FILED IN THIS COURT

On May 5, 2021, petitioner filed a petition for writ of habeas corpus with this court (*In re Sahibi*, *supra*, F082735) and asserted the superior court should have reduced his sentence pursuant to Senate Bill 1393 (2017–2018 Reg. Sess.) when it recalled the sentence in case No. DF011676A.

On July 15, 2021, this court denied the petition; petitioner's claim regarding the retroactivity of Senate Bill 1393 to his recalled sentence was denied without prejudice.

## PETITIONER'S CURRENT HABEAS PETITION

On September 27, 2021, petitioner filed the instant petition for a writ of habeas corpus with this court, challenged Judge Zulfa's denial of his previous petition, and asserted that when the superior court recalled and resentenced him in case No. DF011676A, it should have considered striking other parts of his sentence pursuant to Senate Bill 1393 (2017–2018 Reg. Sess.).

**Issuance of OSC and Further Briefing**

Upon this court's order, the People filed an informal response and argued petitioner was not entitled to retroactive application of the amendments enacted by Senate Bill 1393 because the judgment in case No. DF011676A was final in 2015, prior to the effective date of the legislation. In doing so, however, the People acknowledged the appellate courts disagreed on the retroactivity issue and the question was pending before the California Supreme Court.

On April 14, 2022, this court issued an OSC. This court appointed counsel for petitioner, and the return and reply were filed.

## DISCUSSION

**Senate Bill 1393**

When petitioner was sentenced in case No. DF011676A in 2015, the court was required to impose a five-year enhancement for each prior serious felony conviction pursuant to section 667, subdivision (a), and did not have any discretion to dismiss that enhancement in furtherance of justice under section 1385. (*People v. Shaw* (2020) 56 Cal.App.5th 582, 585.)

"The situation changed on January 1, 2019, when Senate Bill 1393 took effect. [Citation.] This legislation amended section 1385, subdivision (b)(1) to give courts power to strike the five-year prior serious felony enhancement 'in the furtherance of justice.' [Citation.] It likewise amended section 667, subdivision (a)(1) to strike the cross-reference to section 1385, subdivision (b)," that previously prohibited dismissal of the enhancement. (*People v. Shaw, supra,* 56 Cal.App.5th at p. 585.)

A court's decision to deny a motion to strike a five-year prior serious felony enhancement is reviewed for an abuse of discretion, and "[n]o error occurs if the trial court evaluates all relevant circumstances to ensure that the punishment fits the offense and the offender." (*People v. Shaw, supra*, 56 Cal.App.5th at p. 587.)

6.

**Retroactivity**

"… Senate Bill 1393 applies retroactively to all cases or judgments of conviction in which a five-year term was imposed at sentencing, based on a prior serious felony conviction, provided the judgment of conviction is not final when Senate Bill 1393 [became] effective on January 1, 2019." (*People v. Garcia* (2018) 28 Cal.App.5th 961, 971–972, 973.)

In 2021, when petitioner filed his writ petitions in the superior court and this court, there was a disagreement among appellate courts as to whether subsequently enacted sentencing legislation was retroactive pursuant to *In re Estrada* (1965) 63 Cal.2d 740, when a court recalled a sentence, even though the judgment was otherwise final. (See, e.g., *People v. Federico* (2020) 50 Cal.App.5th 318, review granted Aug. 26, 2020, S263082, ordered transferred to the Court of Appeal, Fourth Appellate District, Division Two, with directions to vacate its decision to reconsider the cause in light of Assem. Bill No. 1540 (Stats. 2021, ch. 719) (Cal. Rules of Court, rule 8.528(d)) [newly-enacted resentencing provisions are not retroactive under *Estrada* when the judgment was otherwise final even when sentence recalled]; *People v. Padilla* (2020) 50 Cal.App.5th 244, review granted Aug. 26, 2020, S263375, affirmed by *Padilla*, *supra*, 13 Cal.5th 152 [judgment no longer final when court recalls and vacates a defendant's sentence, subsequently-enacted resentencing provisions are retroactive, and the court may consider other resentencing issues hearing on recall].)

**Padilla**

The California Supreme Court resolved this disagreement in *Padilla, supra,* 13 Cal.5th 152, where it held that even though the judgment in that case had become final, Proposition 57 applied retroactively at a resentencing hearing because the defendant's sentence had been vacated in a habeas proceeding. (*Id*. at pp. 158, 163.) "When [appellant's] sentence was vacated, the trial court regained the jurisdiction and duty to consider what punishment was appropriate for him, and [appellant] regained the

7.

right to appeal whatever new sentence was imposed." (*Id.* at pp. 161–162.) The judgment in his case "thus became nonfinal," and there was "no 'constitutional obstacle' to applying the *Estrada* presumption to his case." (*Id.* at p. 162.) "[O]nce a court has determined that a defendant is entitled to resentencing, the result is vacatur of the original sentence, whereupon the trial court may impose any appropriate sentence." (*Id.* at p. 163.)

**The Parties' Supplemental Briefing**

This court requested petitioner and the People file a supplemental return and reply and address the impact of *Padilla* on petitioner's claim regarding Senate Bill 1393.

The parties agreed *Padilla* clarified that a court has jurisdiction to consider other sentencing issues when a sentence is recalled, and the instant matter should be remanded for another sentencing hearing.

**Analysis**

As in *Padilla*, the judgment in petitioner's case No. DF011676A was vacated and no longer final when the superior court recalled his sentence in response to CDCR's notice about the erroneous imposition of the fully consecutive gang enhancement. (*Padilla, supra,* 13 Cal.5th at pp. 162–163; *People v. Salgado* (2022) 82 Cal.App.5th 376, 380.) As a result, the amendments enacted by Senate Bill 1393 were retroactive to petitioner's case, and the court had jurisdiction to consider whether to dismiss the five-year term imposed for the section 667, subdivision (a) prior serious felony enhancement. The matter must thus be remanded. In remanding the matter, we express no opinion whether the court should exercise its discretion.

## DISPOSITION

Let a writ of habeas corpus issue directing the Superior County of Kern County vacate petitioner's sentence only in case No. DF011676A, appoint counsel, and conduct a new sentencing hearing to determine whether to dismiss the five-year term imposed for the section 667, subdivision (a) prior serious felony enhancement.

After resentencing, the superior court clerk is directed to prepare an amended abstract of judgment and forward a certified copy to CDCR and all other appropriate parties.


                                      POOCHIGIAN, Acting P. J.

WE CONCUR:


DETJEN, J.


PEÑA, J.